*177 The opinion of the court was delivered by
Gibson, J.
The object of the evidence was to show that the sheriff had returned the venditioni exponas. “ stayed by the plaintiff,” by the direction of Mr. Bellas; but what beneficial purpose was intended to be effected by proof of that fact, I know not. The previous levy of Lebo’s goods, which had been conclusively established by the return of the fieri facias, was satisfaction pro tanto as respects all the defendants, and rendered the sheriff exclusively liable to the plaintiff, which it seems to me was all that was material for the defendants to show. This principle was determinined by this court at the last term, forjthe Western District, when the authorities on the subject were fully considered, and I will not here repeat them. However, as the defendants actually undertook to show that Mr. Bellas assented to the sheriff’s return, they could do so only by competent-evidence. A man’s assent can be signified only by his own acts or declarations. Then what were the facts relied on here ? The defendants psoposed to prove, that the sheriff, who had a venditioni exponas in his hands against Lebo’s goods, told him that unless something were done, his property would be sold ; that Lebo and Mr. Smith, with two hundred dollars in their possession, left the sheriff to go to Mr. Bellas, and shortly after returned and informed him that he should return the writ stayed by the plaintiff; and that Mr. Bellas, though frequently afterwards in the presence of the sheriff, signified no dissatisfaction at his having done so, till after the death of Mr. Smith ; but on the contrary issued an alias venditioni exponas. Now, whatever was done in the presence of the sheriff, was done by Lebo and Smith, and not by Bellas, who could not be affected by them unless they were done by his authority. There is no direct evidence of authority; but it would be sufficient if these acts were afterwards recognzied by BeZZas. As to that, we have only the silence of Be/Z«i',andhishaving issued an alias venditioni,as circumstances to draw an inference of recognition. In respect of the first, he ought not to be prejudiced, because he was not bound to speak; and in respect of the second, the only operation it could have, would be as distinct and independent evidence, though slight, of the fact of assent itself: but it would not amount to a recognition of the acts of Lebo and Smith, which are introduced to corroborate it. The act of Bellas in issuing a secondvenditioni, would be some evidence that he had assented to the return of the first, and had at some time or other, directed the sheriff to stay proceedings on it; but it would be no evidence that he had done it at the time, or in the manner that the acts of Smith and Lebo might seem to indicate ; and consequently, it would not legitimate those' acts as if done by Bellas, and render them competent, if they were otherwise incompetent. They were separate and distinct from the issuing of the second venditioni, and would, if competent, tend to the same conclusion; but it does not follow that evidence becomes competent only be *178 cause it is corroborative of other evidence which is admitted to be so. These acts would, however, probably have been competent, if offered in connection with evidence that Mr. Bellas had actually received the two hundred dollars, and had credited it in the account; nothing of which appears in the bill of exceptions. With respect to the papers sent out with the jury, little need be said. These were not sent out as evidence, but as exhibiting the calculations by which the party arrived at the result which he claimed. Such statements are constantly sent out with the jury, in cases where calculation is necessarily employed in making up the verdict; and indeed they are found to be indispensible. In this part of the case, therefore, there is no error, but for the matter contained in the first bill of exceptions the judgment is reversed.
Judgment reversed.-